# UNITED STATES DISTRICT COURT

# DISTRICT OF MAINE

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | |
| | ) | |
| MICHAEL ARTIS AND | ) | CRIM. NO. 2:17-CR-102-DBH |
| CUWAN MERRITT, | ) | |
| | ) | |
| DEFENDANTS | ) | |

## PROCEDURAL ORDER

After a full evidentiary hearing, I denied the defendants' motions to suppress. Thereafter, one of the defendants obtained a new lawyer and became concerned whether a so-called de facto arrest issue had been adequately preserved for appeal. At her request I conducted a conference of counsel. Next, the defendants moved for clarification of the suppression order. On May 11, I issued an Order on Motion for Clarification of Suppression Order (ECF No. 104), indicating my concern whether a de facto arrest argument had been raised in such a fashion as to permit the government to address it. I then conducted another conference of counsel and gave all parties time to decide whether they desired an additional evidentiary hearing and if so for what purpose and why I should allow it. Before that conference, I also had the Clerk's Office alert counsel to United States v. Moore, 329 F.3d 399 (5th Cir. 2003) and at the conference I noted United States v. Watson, 558 F.3d 702 (7th Cir. 2009).

The government now has informed the Court via the Clerk's Office that it does not seek to provide additional evidence on the de facto arrest issue. App. iii.[1]

---

[1] The parties' correspondence with the Clerk's Office is attached as an Appendix. All counsel are reminded that when they address information to the Court that should be part of the record, they should file it in ECF.

The defendant Merritt has informed the Court via the Clerk's Office that he "wishes to go forward on the issue of the dog activity as we believe that may be a subsequent search, which could serve to undermine arguments advanced in the Moore case." App. ii.

The defendant Artis wants the Court to "hear/view/review, and consider the following supplemental" matters:

> (1) Evidence regarding The Open the Door issue:
>   a. What was the make, model, year, and door lock control features, of the vehicle used by the agents/confidential informants?
>   b. Whether the driver (███████) or front passenger (██████) had control over the locks on the rear passengers' doors,
>   c. Prior or concurrent to the operation, what were the driver (██████) and/or front passenger (██████) instructed to do when the police stopped the vehicle; and
>   d. Whether the driver (██████) or front passenger (██████) had control over the rear passenger doors, could open or lock the rear passenger doors, and/or whether the parental control features were active on the vehicle.
>
> (2) Evidence regarding The Dog Sniff:
>   a. When did the Handler and Dog arrive on the scene and/or were they there as part of the "operation" from the beginning;
>   b. Why was the dog sniff conducted "off camera"?
>   c. Testimony of the dog handler regarding details and manner of the dog sniff conducted here, as well as protocols employed; and what information was provided to the Handler by other agents prior to the sniff, and
>   d. Who selected the dog and handler to be used, and why
>
> (3) Evidence Regarding Systemic Racial Profiling and Disparate Treatment of Persons of Color in law enforcement in the State of Maine.

App. i-ii.

Here is the procedural posture. The defendants took the position that the de facto arrest issue had been properly raised and that I had ruled against them on the issue, but wanted to avoid any uncertainty on appeal. I entertained the possibility for a further evidentiary hearing only on the basis that the de facto arrest issue had

2

not been squarely raised until closing arguments after the original evidentiary hearing, and that therefore the government might be entitled to introduce further evidence on that topic.  The government now seeks no further evidence on that topic, and I see no reason to allow the defendants a second bite at the apple.  There is also no reason for further evidence on the dog sniff at this stage.  The drug dog alert has always been an issue in the case and counsel had every opportunity and incentive to explore it at the first evidentiary hearing.  Likewise there is no reason now to reopen the record so as to allow generalized testimony about racial profiling and disparate treatment.  Lawyers will always have second thoughts and more ideas, but matters must come to an end.

As a result, there will be no further evidentiary hearing.  I will allow counsel to address the legal issues raised at the last conference of counsel, including the de facto arrest, the effect of <u>Moore</u>, <u>Watson</u>, <u>Utah v. Strieff</u>, 136 S. Ct. 2056 (2016), and any other cases on the topic, as well as whether the dog sniff here, which appears to have focused on the defendants outside the car before the car's exterior was sniffed, must be treated differently. <u>Cf</u>. <u>United States v. Turpin</u>, 920 F.2d 1377, 1385 (8th Cir. 1990) (collecting cases on the treatment of dog sniffs).  Briefs by all parties are due June 6, 2018; Responses are due June 13, 2018.  No Replies are to be filed.

**SO ORDERED.**

**DATED THIS 25TH DAY OF MAY, 2018**

/S/D. BROCK HORNBY
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**

# APPENDIX

**From:** Gail Latouf <glatouf@attorneylatouf.com>
**Sent:** Thursday, May 24, 2018 3:16 PM
**To:** Bennett,Jenifer ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮; 'Conley, Michael (USAME)' <Michael.Conley@usdoj.gov>; Whitten, Melody <▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮; 'Amy Fairfield' <amy@fairfieldandassociates.com>
**Subject:** RE: Artis/Merritt

Defendant Artis's proposed Supplemental Suppression Evidence

Jennifer, Melody, Michael and Amy,

Based on my review of the record and the legal issues and standards applicable to the questions generated by the Motion for Clarification/ Reconsideration, and raised by the Court and the Government, I believe the Court must hear/view/review, and consider the following supplemental evidence:

(1) Evidence regarding The Open the Door issue:
   a. What was the make, model, year, and door lock control features, of the vehicle used by the agents/confidential informants?
   b. Whether the driver (▮▮▮▮▮▮) or front passenger (▮▮▮▮▮▮) had control over the locks on the rear passengers' doors,
   c. Prior or concurrent to the operation, what were the driver (CI Heidi) and/or front passenger (▮▮▮▮▮▮) instructed to do when the police stopped the vehicle; and
   d. Whether the driver (▮▮▮▮▮▮) or front passenger (▮▮▮▮▮▮) had control over the rear passenger doors, could open or lock the rear passenger doors, and/or whether the parental control features were active on the vehicle.

(2) Evidence regarding The Dog Sniff:
   a. When did the Handler and Dog arrive on the scene and/or were they there as part of the "operation" from the beginning;
   b. Why was the dog sniff conducted "off camera"?
   c. Testimony of the dog handler regarding details and manner of the dog sniff conducted here, as well as protocols employed; and what information was provided to the Handler by other agents prior to the sniff, and
   d. Who selected the dog and handler to be used, and why

(3) Evidence Regarding Systemic Racial Profiling and Disparate Treatment of Persons of Color in law enforcement in the State of Maine

For purposes of clarity, it is my understanding that at this point we are addressing the following questions:

(1)     whether the seizure of the defendants was a de facto arrest without probable cause, and

(2) if yes, whether the drugs and other evidence obtained as a result of the unlawful arrest must be suppressed as fruit of the poisonous tree which implicates the following additional questions:
- (a) whether the independent source exception applies,
- (b) whether the "dog sniff" in this case implicates the fourth amendment; and, if yes,
- (c) what standard applies to the dog sniff in this case, and
- (d) can the government satisfy that standard.

If I am missing any issues, please let me know so I may adjust the above appropriately.

Thank you for your patience.

Gail

**Gail M. Latouf, Attorney at Law**
477 Congress Street, 5th Floor
P.O. Box 3562
Portland, Maine 04104-3562
Telephone: (207) 523-3444
Facsmile: (207) 773-8597
Email: glatouf@attorneylatouf.com

**Notice:** This email may contain information that is privileged, confidential or exempt from disclosure under applicable law. All recipients are notified that if this message comes to your attention in error, **dissemination, use or copying of the information in this email is prohibited**. If you receive this message in error, please delete it, and notify the sender at once. Thank you, Attorney Latouf.

**From:** Amy Fairfield <amy@fairfieldandassociates.com>
**Sent:** Wednesday, May 23, 2018 2:51 PM
**To:** Gail Latouf <glatouf@attorneylatouf.com>
**Cc:** Bennett,Jenifer ; Conley, Michael (USAME) <Michael.Conley@usdoj.gov>; Whitten, Melody cory@fairfieldandassociates.com
**Subject:** Re: Artis/Merritt

Hello:

Defendant Merritt wishes to go forward on the issue of the dog activity as we believe that may be a subsequent search, which could serve to undermine arguments advanced in the Moore case.

Thank you.
Amy

Sent from my iPhone

On May 23, 2018, at 2:42 PM, Gail Latouf <glatouf@attorneylatouf.com> wrote:

Hi Jen, I am still thinking but will let you know tomorrow if I have any evidence I would want to offer. Thanks, Gail

Gail M. Latouf, Attorney at Law
477 Congress Street, 5th Floor
P.O. Box 3562
Portland, Maine 04104-3562
Telephone: (207) 523-3444
Facsmile: (207) 773-8597
Email: glatouf@attorneylatouf.com

**Notice:** This email may contain information that is privileged, confidential or exempt from disclosure under applicable law. All recipients are notified that if this message comes to your attention in error, **dissemination, use or copying of the information in this email is prohibited**. If you receive this message in error, please delete it, and notify the sender at once. Thank you, Attorney Latouf.

**From:** Bennett,Jenifer
**Sent:** Wednesday, May 23, 2018 2:39 PM
**To:** 'Conley, Michael (USAME)' <Michael.Conley@usdoj.gov>
**Cc:** 'Amy Fairfield' <amy@fairfieldandassociates.com>; Latouf, Gail <glatouf@attorneylatouf.com>; Whitten, Melody
**Subject:** RE: Artis/Merritt

Thank you very much for this update Michael, it has been forwarded to Chambers.

**From:** Conley, Michael (USAME) <Michael.Conley@usdoj.gov>
**Sent:** Wednesday, May 23, 2018 2:34 PM
**To:** Bennett,Jenifer
**Cc:** 'Amy Fairfield' <amy@fairfieldandassociates.com>; Latouf, Gail <glatouf@attorneylatouf.com>
**Subject:** Artis/Merritt

Hi Jen – I have conferred with everyone on my end in terms of witnesses and we have no additional evidence to present. The government will not be asking the court to re-open the evidentiary hearing and is prepared to proceed to briefing. To the extent that either defendant requests that the evidentiary hearing be re-opened to address drug-dog reliability, the government would respectfully object on the grounds that that issue has been present from the outset and it does not appear related to the de-facto arrest issue currently before the Court. Thank you

Michael